UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

FILED
2009 OCT -5 AM 10: 08
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ANITA B. CARR, Plaintiff | ) CHAPTER 11 )<br>) ADVERSARY PROCEEDING<br>) CASE NO.: |
| NEW CENTURY TRS HOLDINGS,<br>INC., a Delaware Corporation, *et al.*<br><br>Defendants. | ) CASE NO. . 07-104-16 KJC, and Related Actions,<br>) Jointly Administered<br>)<br>) RELATED CASES:<br>) State of California Superior Court RG09442589<br>) and VG08419257<br>)<br>) VERIFIED COMPLAINT FOR DAMAGES,<br>) FRAUDULENT CONVEYANCE, VIOLATION<br>) OF TITLE 11, FRAUDULENT MIS-<br>) REPRESENTATION AND NEGLIGENCE,<br>) VIOLATION OF THE FAIR CREDIT<br>) REPORTING ACT, BUSINESS AND<br>) PROFESSIONS CODE SECTION 17200; TILA,<br>) RESPA AND QUIET TITLE<br>)<br>) Original Complaint filed In California<br>State Court: March 20, 2009 |

ANITA B. CARR, in Pro Se, (hereinafter "Carr" or "Plaintiff") files this Adversary Complaint against the Defendants New Century Mortgage Corporation, and Home123 and any known or unknown dba used by New Century Mortgage Corporation and Home123 (collectively, Defendants) and alleges the following:.

1. Plaintiff has filed a late claim in the related Bankruptcy Court in Delaware against Defendants. Plaintiff awaits a determination of the Delaware Court to allow said valid claim.

2. Defendants have wrongfully transferred Plaintiff's property to various entities in an attempt to mask its fraudulent acts of creating documents and forgery of her signature on those documents. Defendants then used these fraudulent documents to effect an economically burdensome mortgage and attempt to force plaintiff from her home. Defendants attempted to trick clerks into recording fraudulent

documents by misrepresenting her name as "Anita H. Carr", attempting to create a non-existent entity Defendants would claim is Plaintiff in their fraudulent scheme.

3. Defendants herein are the initiators of numerous fraudulent transactions, enabling other subprime lenders to create an intricate web of illusion, transfer, processing and wrongfully attempt to steal Plaintiff's home from her. Defendants acts violate bankruptcy law, state and federal law.

4. Defendants further violated RESPA by failing to provide Plaintiff with the RESPA required 15 day notice prior to transfer and failing to adequately respond to the Qualified Written Request as governed by RESPA.

5. Additionally, Plaintiff's mortgage loan provided by New Century Mortgage Corporation was fraudulent procured by its subsidiary Home123. Only when New Century filed for Bankruptcy in 2007 did Plaintiff become aware that New Century and Home123 were essentially one in the same entity. In violation of various state and federal laws. The mortgage broker and lender CANNOT be one in the same company. Home123 insisted on using "their" title company, failing to allow Plaintiff to obtain services of a title company of her choice, in violation of various state and federal laws. Plaintiff alleges as the initial loan was fraudulently effected, subsequent transfers and foreclosure were wrongful, unlawful, invalid and as such moot. Defendants have cost Plaintiff emotional distress, physical impairment, stress, financial ruin and devastation as a direct and proximate result of their egregious acts. Defendants are guilty of fraud, violations of RESPA and TILA and Bankruptcy code violations. Plaintiff begs this Court for justice.

## PARTIES

6. Defendants NEW CENTURY and HOME123, wrongfully, fraudulently obtained and illegally transferred New Century Loan Number 1005955451 on or about January 25, 2006. Plaintiff discovered these fraudulent acts and filed suit in state court on or about March 20, 2009. Plaintiff received the invalid Notice of Default on or about April 16, 2007.

7. Plaintiff is and at all time mentioned herein an individual residing the County of Alameda and the owner of certain real property commonly known as 11801 Bloomington Way, Dublin, CA 94568. Plaintiff originally purchased the home in January of 1999 as a single woman. Plaintiff is and was

-2-
ADVERSARY COMPLAINT

responsible and was perfectly capable of owning a home for over 7 years prior to the bad faith and questionable refinancing through Home123.

## BACKGROUND

8. Plaintiff's alleges as follows against Defendant: This case arises out of Defendants' egregious and ongoing and far reaching fraudulent schemes for improper use of Plaintiff's identity, fraud in the inducement, fraud in the execution, usury, and breaches of contractual and fiduciary obligations as Mortgagee or "Trustee" on the Deed of Trust, "Mortgage Brokers," "Loan Originators," "Loan Seller," "Mortgage Aggregator," respectively, of certain mortgage loans pooled together in a trust fund. The participants in the securitization scheme described herein have devised business plans to reap billions of dollars in profits at the expense of Plaintiff and other investors in certain trust funds.

9. In addition to seeking compensatory, consequential and other damages, Plaintiff seeks declaratory relief as to what (if any) party, entity or individual or group thereof is the owner of the promissory note executed at the time of the loan closing, and whether the Deed of Trust (Mortgage) secures any obligation of the Plaintiff, and A Mandatory Injunction requiring re-conveyance of the subject property to the Plaintiff or, in the alternative a Final Judgment granting Plaintiff Quiet Title in the subject property.

10. In addition to seeking compensatory, consequential and other damages, Plaintiff seeks declaratory relief as to what (if any) party, entity or individual or group thereof is the owner of the promissory note executed at the time of the loan closing, and whether the Deed of Trust (Mortgage) secures any obligation of the Plaintiff, and A Mandatory Injunction requiring re-conveyance of the subject property to the Plaintiff or, in the alternative a Final Judgment granting Plaintiff Quiet Title in the subject property.

11. This is an action under the Truth-in-Lending Act, 15 U.S.C. 1601 et, seq. This Court has jurisdiction under U.S.C. 1640 and 28 U.S.C. 1331, 1337 and 1367.

12. New Century Mortgage Corporation and Home123 filed Bankruptcy proceedings on April 2, 2007 (United States District Court District of Delaware Case Nos. 07-104-16 KJC, 07-10419 KJC and 07-10421 KJC).

13. Plaintiff alleges that New Century and Home123 were estopped from selling, transferring or conveying New Century Loan No. 1005955451 because of the fraudulent and questionable origins of the loan, and clear violations of state and federal law.

## FIRST CAUSE OF ACTION
## FRAUDULENT CONVEYANCE

14. Plaintiff incorporates by reference all of the preceding paragraphs as though set Forth fully herein.

15. Defendants have wrongfully transferred Plaintiff's property in violation of Bankruptcy Code Sections 11 U.S.C. Section 101(31), 101(54), 547 and 548.

## SECOND CAUSE OF ACTION
## VIOLATON OF CHAPTER 11 OF THE BANKRUPTCY CODE

16. Plaintiff incorporates by reference all of the preceding paragraphs as though set Forth fully herein.

17. Defendants fraudulently effected transfer of her property while in Chapter 11 in violation of the Bankruptcy code, and not thru the Trustee as required by Bankruptcy law.

## THIRD CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION AND NEGLIGENCE

18. Plaintiff incorporates by reference all of the preceding paragraphs as though set forth fully herein.

19. Plaintiff alleges that Defendants violated federal and state law by committing fraud, falsifying loan documents, intentionally falsifying her name on legal documents relating to her property, enabling and participating in irregular recordations leading to a non-judicial foreclosure and numerous other egregious acts in violation of applicable law.

20. Plaintiff alleges Defendant failed to disclose that Home123 and New Century were one in the same company, in violation of federal and state law..

21. Defendant failed to provide Plaintiff with any and all legal and mortgage documents as required by law.

## FOURTH CAUSE OF ACTION
## VIOLATION TRUTH-IN-LENDING ACT 15 U.S.C 1601 ET SEQ.

22. Plaintiff incorporates by reference all of the preceding paragraphs as though set

forth fully herein.

23. Defendant are creditors as defined by the Federal Truth-in-Lending Act 15 U.S.C 1601 et seq. (hereinafter "TILA").

24. Plaintiff further alleges that Defendants clearly and boldly knew that their actions would not benefit Plaintiff. Defendants knew or reasonably should have known their actions were improper, fraudulent and illegal.

25. Defendants falsified Plaintiff's income, without her knowledge or permission to falsely qualify her for a mortgage in excess of $781, 999.

26. Defendants did not honor the legal terms of the loan as discussed, failed to provide Plaintiff with the Hud-1 form among other sub-prime lending violations of state and federal law.

27. Plaintiff alleges that Defendants engaged unlawful, unfair or fraudulent business act and practice, by not only creating fraudulent documents, by further utilizing those documents for its own benefit before and during its protection under Chapter 11 and failing to effect actions in the manner prescribed by law. Providing documents which contained deceptive untrue, misleading, fraudulent and falsified information prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. Defendants, illegally acquired a deed of trust, illegally attempted to mislead Plaintiff that they have some right or entitlement to the deed of trust, illegally again transferred the illegally obtained deed of trust with the clear intention to defraud Plaintiff and steal her property from her through foreclosure procedures, which Defendants are not entitled to initiate, participate in or conduct.

## FIFTH CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, et seq.

28. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the First, Second, Third, Fourth and Fifth Causes of Action as though fully set forth herein.

29. California law imposes on real estate agents, brokers and lenders, as fiduciaries, the same obligation of undivided service and loyalty as it imposes on a trustee in favor of a beneficiary.

30. Plaintiff has suffered and is suffering and will continue to suffer injury and financial ruin as a direct and proximate result of Defendants deceptive acts as alleged above. Plaintiff is entitled under the Business and Professions Code Section 17200 to equitable remedy of restitution (i.e. disgorgement) of all

-5-
ADVERSARY COMPLAINT

money, property and benefits wrongfully obtained by Defendants (Plaintiff's Deed of Trust, etc.).

31. Plaintiff alleges that Defendants' conduct is immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiff and requires this Court to weigh the utility of the Defendants' conduct against the gravity of the harm to Plaintiff.

32. Plaintiff has suffered and is suffering and will continue to suffer injury and financial ruin as a direct and proximate result of Defendants deceptive acts as alleged above. Plaintiff is entitled under the Business and Professions Code Section 17200 to equitable remedy of restitution (i.e. disgorgement) of all money, property and benefits wrongfully obtained by Defendants (Plaintiff's Deed of Trust, etc.).

33. Prior to the filing of the claims in this action, and continuing thereafter, Defendants have been systematically violating the provisions of the UPA, Civil Code sections 2924, et seq. and 2923.5, violating and invalidating the contract between the parties, through bad faith acts as alleged herein above.

34. These violations are, and were, a matter of the Defendants' standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.

35. Plaintiff was thereby damaged and has a substantial ascertainable loss.

36. The business acts and practices of Defendants, as herein above alleged, constitute "fraudulent" business practices under the UPA in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, falsifying documents, and concealment, may preclude consumers from exercising legal rights to which they are entitled.

37. The court may, in its discretion, include in any injunction against a violation of the Unfair Practices Act such other restraint as it may deem expedient in order to deter the defendant from, and insure against, his committing a future violation of this chapter. [Bus. & Prof. Code §17079]

38. Any person, who, either as director, officer or agent of any firm or corporation or as agent of any person, violating the provisions of the Unfair Practices Act, assists or aids, directly or indirectly, in such violation is responsible therefore equally with the person, firm or corporation for which he acts. [Bus. & Prof. Code §17095]

39. In any injunction proceeding against any person as officer, director or agent, it is sufficient to allege and prove the unlawful intent of the person, firm or corporation for which he acts. [Bus. & Prof. Code §17096]

40. Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecuting this action pursuant to the Code of Civil Procedure § 1021.5 and an other applicable law.

### SIXTH CAUSE OF ACTION
### VIOLATION OF RESPA (12 U.S.C. 2605).

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the First, Second Third Fourth Fifth and Sixth Causes of Action as though fully set forth herein.

42. Defendant charged illegal late fees and other fees, in violation of state and federal law.

43. Defendant failed to provide notices required by RESPA.

44. Defendant falsified documents for it's own gain and wrongful benefit in violation of RESPA.

45. Defendant failed to disclose it was acting as broker and lender, in violation of RESPA.

46. Defendant failed to adequately respond to the Qualified Written Request in violation of RESPA.

### SEVENTH CAUSE OF ACTION
### QUIET TITLE TO REAL PROPERTY AGAINST ALL DEFENDANTS

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action as though fully set forth herein.

48. Only the "Note Holder" can exercise the power of sale under the deed of trust pertaining to the Property. It has yet to be determined the Note Holder of fact in this matter.

49. As such it is unclear who is the Note Holders of Plaintiff's Mortgage.

50. Likewise, the "Note Holder", i.e. Defendant NEW CENTURY, as the "Lender" must give the required notices pursuant to California Civil Code § 2924. Failure of the actual "Note Holder" to give the required notices makes the non-judicial foreclosure proceedings defective and void.

51. Plaintiff sues Defendants to quiet title and to obtain the original note under rules of evidence sufficient to permit a legal determination of rightful title and to discover if the instrument was lawfully transferred.

52. As a result of the aforesaid defects in the non-judicial foreclosure proceedings, including the failure to give the required notices under C.C. §2924, the trustee's deed represents a cloud on Plaintiff's title to the property adverse to Plaintiff's interest which requires a determination by this Court as to which person or entity is the legal owner of the Property.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. Special damages relating to the unlawful inflated appraisal $782,000.

2. For immediate preliminary injunction and permanent injunction, enjoining all Defendants, and each of them,, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 11801 Bloomington Way, Dublin, CA 94568.

3. That the deed of trust referred to in this complaint be rescinded and Plaintiff's Deed of Trust immediately restored to Plaintiff;

4. That Plaintiff's credit standing be fully restored;

5. That Plaintiff be released from any and all encumbrance and that said encumbrance be forgiven in its entirety;

6. This Court dismiss this action with prejudice against all Defendants;

7. For such other and further relief as this Court deems just and proper.

DATED: September 26, 2009

_____
Plaintiff Anita Carr in Pro Per

-8-
ADVERSARY COMPLAINT

## VERIFICATION

I, ANITA B. CARR, am the plaintiff in the above entitled proceeding. I have read the Adversary Proceeding Complaint attached hereto, in the above-entitled action and know the contents thereof. The same is true of my knowledge except to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on this 26 th day of September , 2009 at Dublin, California.

_____
Anita B. Carr, Plaintiff in Pro Per