# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE NEW CENTURY TRS HOLDINGS, INC., A Delaware Corporation, et al., Debtor, | CHAPTER 11<br>CASE NO. 07-10416 KJC<br>Jointly Administered |
| ANITA B. CARR,<br><br>Plaintiff,<br><br>v.<br><br>NEW CENTURY TRS HOLDINGS, INC., and DOES 1-10,<br><br>Defendants | ADVERSARY CASE NO. 09-52251 KJC<br><br>BRIEF IN SUPPORT OF EVIDENTIARY HEARING AND JUDICIAL NOTICE<br><br>DATE: FEBRUARY 24, 2011<br>TIME: 10:00 AM<br>DEPT: COURTROOM 5; DELAWARE BK COURT |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLAINTIFF, ANITA B. CARR, in Pro Per, (hereinafter "Carr") hereby requests this Court take judicial notice. In accordance with the terms of the Settlement Agreement (Exhibit 'D') between Anita B. Carr and Alan M. Jacobs as the Liquidating Trustee (the "Trustee") of the New Century Liquidating Trust (the "NCLT"), successor in interest to the above-captioned Debtors (the "Debtors") new evidence has been discovered that CARR wishes to present to the Court.

With this new evidence Carr disputes informal discovery responses provided by NCLT which misled her and which will support her original AP. Carr's prior settlement with NCLT was under the guise of fraud—and has to be renegotiated. Any prior settlement is false when fraud is involved. There can be NO settlement until there is full disclosure. Carr believes the counsel of Hahn & Hessen have acted in bad faith & severely deceived her.

The settlement cannot be executed unless it is shown that the loan was properly transferred —which will clearly be shown in this brief, that it was not. NCLT's Hahn & Hessen repeatedly told Carr that she had no case and that it was Nagy's signature on the Corporation Assignment of Deed of Trust and that misled Carr into believing that the loan was properly transferred.

NCLT faces full liability to discharge the loan in its entirety since it cannot be shown that the liability was validly transferred to any other party —including any trust and securities trustee. NCLT is liable for the wrongful foreclosure.

The settlement agreement (Exhibit 'D') states on pp 6 paragraph 6: Accordingly, nothing herein shall be deemed to release the Trust from any obligation it has to Carr under this Settlement Agreement and payment of the Settlement Sum.

The settlement agreement (Exhibit 'D') states on pp 7 paragraph 7: To the extent a dispute arises between the Parties at any time after this Settlement Agreement is fully executed, the Parties consent and subject themselves to the jurisdiction of this United States Bankruptcy Court, District of Delaware in front of the Honorable Kevin J. Carey to resolve such dispute(s).

Furthermore, the settlement agreement (Exhibit 'D') states on pp 8 paragraph 14: Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining part, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this settlement.

Any prior settlement is false when fraud is involved.

1. This request is based on new evidence regarding the Notarization practices of New Century Mortgage and Home123 Corporation and notarial journal entries, which support her original allegations regarding signatures and validity of notarizations regarding her Home123 Corporation Mortgage. Carr only recently came

into possession of this evidence in December of 2010 obtained from the notary Andres Rojas who was an employee of New Century. Prior to that time Carr had pursued attempting to locate the notarial journal of Andres Rojas with the Orange County Recorder in California & this bankruptcy trust to no avail.

2. Exhibit 'A' is the certified Corporation Deed of Assignment for plaintiff Carr's property at 11801 Bloomington Way in Dublin, CA APN 941-2757-064 (hereinafter "subject property") and this exhibit is the same as the certified copy previously entered as judicial notice for plaintiff's AP. This document displays that it was signed and notarized on May 22, 2007, several months after New Century Mortgage and Home123 Corporation filed for bankruptcy in this court venue. The recording date is June 15, 2007. Andres Rojas, an employee of New Century Mortgage and/or Home123 Corporation, notarized Exhibit 'A' as evidenced by his affixed notary seal or stamp and his signature.

### INVALID ASSIGNMENT DUE TO ILLEGAL NOTARY ACTS AND DEFENDANT'S UNCLEAN HANDS

3. Notary laws in every state require that document signers always appear in person before the Notary at the time of the notarization to authenticate their identity and their intention that a particular document or transaction to be in full force and effect.

4. Notaries are ministerial officials who must adhere to more stringent state laws, directives and regulations. A ministerial officer is liable for his negligence regardless of intention, as distinguished from judicial officers who are liable only for their corrupt and unintentional acts.

5. Whether a Notary's appointment is called a commission or a license, Notaries are accountable for following the law and have unlimited financial liability for any harm caused another person by their negligence or intentional misconduct.

6. On December 1, 2010 Plaintiff Carr received scanned images of the only

pages from Andres Rojas' notarial journal (log). Andres Rojas is the notary who notarized Exhibit 'A'. Andres Rojas was an employee of New Century Mortgage and/or Home123 Corporation. In 2007 Andres Rojas was commissioned to be a California Notary Public #1523525 in Orange County California and his commission expired Oct. 31, 2008. Carr was not privy to this new evidence at the time of her settlement with the trustee for this New Century TRS Holdings Inc. bankruptcy in October of 2010.

7. During earlier informal discovery plaintiff learned from responses by Hahn & Hessen, the attorneys for the bankruptcy trustee, several important things:

   a. *Andres Rojas, the notary, was an employee of New Century Mortgage and Home123 Corporation*
   b. *That neither New Century Mortgage, Home123 Corporation nor the bankruptcy trust had possession of the notarial journal of Andres Rojas.*
   c. *That the squiggle on the Corporation Assignment of Deed of Trust (Exhibit 'A') was that of one Stephen L. Nagy. Nicholas Rigano told Carr on the phone that it was Nagy's signature.*
   d. *That Exhibit 'A' was signed in blank. This per Nicholas Rigano.*
   e. *That U.S. Bank, N.A. was the securities trustee but that information on Exhibit 'A' was added later since the document was done in blank. This per Nicholas Rigano.*
   f. *That Carr's loan was allegedly sold to Chase in 2006 without disclosing the fact that the loan was meant to fund an MBS and that was a "material disclosure" which was deliberately and intentionally undisclosed. The failure to disclose the identity of the true lender at closing, and in Carr's case it was UBS, was also a "material disclosure" which was deliberately and intentionally undisclosed the nature of which would make the contract voidable under California law.*

8. Plaintiff requests the court to take notice (Exhibit 'A') that there is a 'squiggle' where there should be a full signature of one 'Stephen L. Nagy' the VP of Records Management at Home123 Corporation and New Century Mortgage Corporation.

9. Plaintiff has alleged in her AP, and continues to do so, that the 'squiggle'

is a forgery and is invalid. A full signature is required under California notarial laws. Cal. Govt. Codes 8206 (a) (1) *et seq* says in part:

> 8206. (a) (1) A notary public shall keep one active sequential journal at a time, of **all** official acts performed as a notary public. The journal shall be kept in a locked and secured area, under the direct and exclusive control of the notary. Failure to secure the journal shall be cause for the Secretary of State to take administrative action against the commission held by the notary public pursuant to Section 8214.1.
>
> (2) The journal shall be in addition to, and apart from, any copies of notarized documents that may be in the possession of the notary public and shall include all of the following:
>
> (A) Date, time, and type of each official act.
>
> (B) Character of every instrument sworn to, affirmed, acknowledged, or proved before the notary.
>
> (C) The signature of each person whose signature is being notarized.
>
> (D) A statement as to whether the identity of a person making an acknowledgment or taking an oath or affirmation was based on satisfactory evidence……

California Government Codes Section 8200-8230 contains notarial laws.

10. The document (Exhibit 'A'), after notarization, has been tampered with by the handwritten backdating of 'effective 4-12-2007'. The notary indicated that when the document was notarized there was no handwriting in that section of the document. Backdating is illegal under California law. It is UNKNOWN as to who tampered with the document after notarization and prior to recordation at the Alameda County Recorder's office as instrument 2007224804 in California.

11. Exhibit 'B' of this judicial notice are the only page(s) of the notarial journal of Andres Rojas, a California notary. By California law, plaintiff is entitled to receive a

copy of any page(s) in the notarial journal relating to her property, including the fingerprint of the individual who has signed the property related document which is being notarized. Cal. Govt. Codes 8206 (c).

12. This Court should notice that there is a complete absence of any date or entry in the notarial journal (exhibit 'B') related to plaintiff Carr's property and the Corporation Assignment of Deed of Trust (Exhibit 'A').

13. In fact, the only entry in the notarial journal for one Steve Nagy (line item #3 of Exhibit 'B') is dated March 5, 2007. This entry states numerous & varied documents with no specificity, such as 'Lost Note Affidavit', 'Modification Agreement' and 'Corporate Assignments'....all as one entry. Per California notary laws, each document notarized is to have its own line item entry.

14. The entry for Steve Nagy does NOT have any data for his driver's license information. The notary, by law, is to write this information into the notarial journal after verifying by comparing the drivers license to the individual and comparing the signature on the drivers license with the signature on the document and in the notarial journal. All signatures must match.

15. The fraudulent, illegal & negligent acts by the notary Andres Rojas, who apparently was instructed by a superior while employed at New Century Mortgage and Home123 Corporation to 'do it that way', causes the hundreds and hundreds of documents he notarized to be invalid. Many of those documents, hundreds and hundreds, are now being used in courts across the USA in foreclosure actions and in bankruptcy courts with attorneys utilizing invalid lost note affidavits and invalid corporate deed of assignments. This is unconscionable.

16. The instructions from the superiors of Andres Rojas to 'do it that way', meaning to not do it properly and legally, further supports Plaintiff's fraud allegation in her dealings with Home123 Corporation and New Century Corporation (initial servicer). Since Exhibit 'A' was executed in May of 2007, the fraud extended over a great period

BREIF IN SUPPORT OF EVIDENTIARY HEARING AND JUDICIAL NOTICE

of time since the loan origination was completed January 25, 2006.

17.   The person(s) who gave the instructions to Andres Rojas are violating California laws and could be subject to fines and/or imprisonment.

18.   Andres Rojas was a true robo-notary. It is suspect that other notaries in the employ of New Century Mortgage and Home123 Corporation, such as Erika Reyes, and Alejandro Mercado have also performed as robo-notary(s).

19.   It is questionable as to whether or not these three notaries had truly completed the California Notary Coursework themselves to become notaries, for if they had, they would know the legal and correct way to notarize documents.

20.   The Defendants misconduct has affected the equitable relations in this matter and the misconduct is directly related to the transaction or matter in suit. The Defendants have unclean hands. (*Fibreboard*, *supra*, 227 Cal.App.2d at p. 728, quoted *ante*, p. 15.)

21.   The instructions on Exhibit 'A' (top left of document) indicate that after the recording, which was requested by Home123 Corporation, that it be returned to Home123 Corporation at their 3351 Michelson Drive, Ste. 400, Irvine, CA 92612 address. The recording date on this instrument is 6/15/2007 and well after post petition.

22.   Based on the exhibits and information provided with this judicial notice it is clear that the Corporation Deed of Assignment, Exhibit 'A', is an invalid & illegal document and the assignment should be deemed 'VOID' by this court.

## RECORDING A FALSE DOCUMENT

23.   According to California Penal Code § 115 in pertinent part:

> (a) Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered or recorded under any law of this state or the United States, is guilty of a felony.
>
> (b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall

constitute a separate violation of this section.

In addition, California Evidence Code § 669 states in pertinent part:

(a) The failure of a person to exercise due care is presumed if:

(1) He violated a <u>statute</u>, ordinance, or regulation of a public entity;

## THE NOTICE OF DEFAULT CANNOT PRECEDE THE ASSIGNMENT

24. The power of sale may only "be exercised by the assignee of the assignment" after it is "duly acknowledged and recorded." [Cal. Civ. Code § 2932.5]. Home123 Corp.'s assignment is fraudulent on its face.

25. In California, a non-judicial foreclosure state, the Notice of Default cannot precede the duly acknowledged (notarized) and recorded assignment.

26. Carr's Notice of Default was dated 4-12-2007. The fraudulent assignment was recorded on 6-15-2007 (Exhibit 'A').

27. Home123 Corporation, by its fraudulent & illegal acts, has effectuated a wrongful non-judicial foreclosure on Carr's home and caused Carr great harm & damage by submitting Carr to having to defend her property in an unlawful detainer action. Carr had sold some of her Thomasville furniture as to the uncertainty surrounding a looming possible eviction. Carr has had to live in a limbo state and has suffered long enough. Carr has lost enjoyment in her life and has been diverted from fully enjoying her new grandbaby.

## ROBO-SIGNER AND ROBO-NOTARY

28. Stephen L. Nagy (aka Steve Nagy) can easily be titled a 'robo-signer' & Andres Rojas his accomplice a 'robo-notary'.

29. Carr prays to direct the attention of the court to Exhibit 'C' produced by the Office of the Attorney General of Florida and titled "Unfair, Deceptive and Unconscionable Acts in Foreclosure Cases." This document provides an overview of the national problem. The court should note that Steve Nagy, the V.P. at New Century

Mortgage and Home123 Corporation and the individual whom, according to the debtor's trustee's attorneys of Hahn & Hessen, allegedly put an invalid 'squiggle' mark on Carr's Exhibit 'A', is noted on pages 60, 61 & 62 for 'stamped signatures' on assignments. These 'stamped signatures' also do not match the one and only signature by Steve Nagy in Exhibit 'B'. The 'squiggle' mark on Carr's Exhibit 'A', allegedly made by Steve Nagy, does not match his true signature in the notary journal Exhibit 'B'. Steve Nagy's signature is being used in various versions, all different from one another, even through 2010. He left the employ of New Century Mortgage and Home123 Corporation in 2007.

30. Carr can produce other documents filed in PACER of individuals who have represented themselves as working for Chase who also have the identical 'squiggle' as on Exhibit 'A'. One such person is Sophia Salinas who purports to be employed as a supervisor by Chase Home Finance, LLC, a servicing agent. The example below is taken from a PACER filed court document 07-42118 Doc# 12-2 entered 08/23/07.

> I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ___2__ day of ___August___, at San Diego, California.
>
> _____
> SOPHIA SALINAS

## CLEAR TITLE MAY NOT DERIVE FROM A FRAUD

31. Clear Title May Not Derive From A Fraud (including a bona fide purchaser for value). In the case of a fraudulent transaction California law is settled. The Court in *Trout v. Trout*, (1934), 220 Cal. 652 at 656 made as much plain:

> Numerous authorities have established the rule that an instrument wholly void, such as an undelivered deed, a forged instrument, or a deed in

> blank, cannot be made the foundation of a good title, even under the
> equitable doctrine of bona fide purchase.

This sentiment was clearly echoed in *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.*, (2001) 85 Cal.App.4th 1279 at 1286 where the Court stated:

> It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or **is tainted by fraud**, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties.
> (*Emphasis added*).

Hence, if forged Robo Signed signatures & Notarial fraud are used to obtain and effect the foreclosure, it CERTAINLY makes a difference in California and other non-judicial foreclosure states. Thus, the foreclosure proceeding is FRAUDULENT and VOID under California law.

32. Any apparent sale based on Robo-signed documents is void - without any legal effect - like Monopoly Money. In *Bank of America v. LaJolla Group II*, the California Court of Appeals held that if a trustee is not contractually empowered under the Deed of Trust to hold a sale, it is totally void. It has no legal effect whatsoever. Title does not transfer. No right to evict arises. The property is <u>NOT</u> sold.

33. In turn, California Civil Code 2934a requires that the beneficiary execute and notarize and record a substitution for a valid substitution of trustee to take effect. Thus, if the Assignment of Deed of Trust is robo-signed, the sale is void. If the notarization is invalid on the Assignment of Deed of Trust the sale is void. If the substitution of trustee is robo-signed, the sale is void. If the Notice of Default is Robo-Signed, the sale is void. <u>These documents are not recordable without valid notarization</u>. In California, the reason these documents are notarized in the first place is because

otherwise they will not be accepted by the County recorder. Moreover, any notary who helps commit real estate fraud is liable for $25,000 per offense.

Assignments of the Note and Substitutions of the Trustee must be in writing and recorded. [Cal.Civil Code §§ 2932.5, 2934a(a)(1) & 2934a(a)(4) ]

## ASSIGNMENT ALONE IS A NULLITY AND SHOULD BE VOID
## THIS WAS FRAUDULENT CONVEYANCE

34. Exhibit 'A' states that Home123 Corporation has received 'value' from U.S. Bank, N.A. and for that value is granting, assigning and transferring to U.S. Bank, N.A. all beneficial interest under plaintiff Carr's Deed of Trust allegedly executed with Home123 Corporation on January 25, 2006. Hahn & Hessen, representing the bankruptcy trustee in this matter, has admitted that there was no money or 'value' received from U.S. Bank, N.A.

35. The attorneys for the trustee in this matter have indicated to Carr that U.S. Bank, N.A. is a 'securities trustee' yet on Exhibit 'A' it does not state which 'trust' U.S. Bank, N.A. is the securities trustee for. Carr's loan could NOT be in any securities trust.

36. Even if there was a securities trust, that trust has lost its priority with regards to Carr's mortgage loan.

37. Hahn & Hessen, during informal discovery, repeatedly stated that New Century Capital Corporation sold plaintiff's mortgage loan to J.P. Morgan Mortgage Acquisition Corporation, hereinafter 'Chase', within a month after the closing date of January 25, 2006. Yet, Exhibit 'A', signed by Stephen L. Nagy, V.P. Records Management of Home123 Corporation, states that not only is the deed assigned but also the note— "Together with the note or notes therein described or referred, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust." So how can it be that Hahn & Hessen has repeatedly

admitted that New Century sold plaintiff's mortgage loan to Chase in February of 2006 AND allegedly physically provided the original blue ink promissory note to Chase at that point in time, yet in the recorded document Exhibit 'A', impeach themselves when the Exhibit 'A' states that the assignment and the note went from Home123 Corporation directly to U.S. Bank, N.A. and this document is dated May 22, 2007 with a recordation date of June 15, 2007.

38. The execution of the Corporation Assignment of Deed of Trust was dated May 22, 2007 and Home123 Corporation filed for bankruptcy on April 2, 2007 in this court. This is a post petition debtor transfer.

39. Carr has owed no monies to Home123 Corporation or any New Century TRS Holdings Inc. company as of February of 2006. Carr's mortgage loan has been paid in full to Home123 Corporation. Carr has never owed any monies to U.S. Bank, N.A. Carr was never notified that her loan was sold or transferred to U.S. Bank, N.A. Carr has never received any mortgage coupons or statements from U.S. Bank, N.A.

40. Since Home123 Corporation did not own the underlying note, it could not transfer the beneficial interest in the Deed of Trust to another by executing the Corporate Assignment of Deed of Trust (Exhibit A). Any attempt to transfer the beneficial interest of a trust deed without ownership of the underlying note is void under California law.

41. The promissory note and the Deed of Trust are inseparable. "The note and the mortgage are inseparable, the former is essential, the later as an incident. An assignment of the note carries the mortgage (deed of trust) with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan*, 83 U.S. 271, 274 (1872); accord *Henley v. Hotaling*, 41 Cal 22, 28 (1871); *Seidell v. Tuxedo Land Co.*, 216 Cal. 165, 170 (1932); Cal. Civ. Code §2936. Fraudulent transfer is void, not voidable, as to creditors. *Strangman v. Duke* (1956) 140 Cal. App. 2d 185, 191, 295 P.2d 12

42. Fraudulent Conveyance Action Constitutes Real Property Claim. A

BREIF IN SUPPORT OF EVIDENTIARY HEARING AND JUDICIAL NOTICE

creditor's action to set aside as fraudulent a debtor's transfer of real property, brought under the Uniform Fraudulent Transfer Act [Civ. Code § 3439 et seq.], is a "real property claim" within the meaning of the Code of Civil Procedure Section 405.4 4 ( *Kirkeby v. Superior Court* (2004) 33 Cal. 4th 642, 649, 15 Cal. Rptr. 3d 805, 93 P.3d 395 ; *Hunting World, Inc. v. Superior Court* (1994) 22 Cal. App. 4th 67, 72, 26 Cal. Rptr. 2d 923 ).

43. There is no clear chain of title. There is no valid explanation of why Home123 Corporation is executing and recording an assignment some 14 plus months after it claims to have sold plaintiff's loan to Chase. During informal discovery Hahn & Hessen admitted they had no transaction receipt to prove that Carr's physical original blue ink promissory note had been given to Chase. Hahn & Hessen failed to identify the name of the person at Chase who received Carr's physical original blue ink promissory note. Clear title may not derive from a fraudulent foreclosure sale, including a bona fide purchaser for value. In the case of a fraudulent transaction California law is settled. The Court in *Trout v. Trout*, (1934), 220 Cal. 652 at 656 states:

> Numerous authorities have established the rule that an instrument wholly void, such as an undelivered deed, a forged instrument, or a deed in blank, cannot be made the foundation of a good title, even under the equitable doctrine of bona fide purchase. Consequently, the fact that defendant Archer acted in good faith in dealing with persons who apparently held legal title, is not in itself sufficient basis for relief.   (Emphasis added, internal citations omitted)

Under CCP § 1161, in general; Words and Phrases Term "duly" implies that all of those elements necessary to valid sale exist. *Kessler v. Bridge* (1958), Cal App Dep't Super Ct) 161 CalApp 2d Supp 837, 327 P2d 241, 1958 Cal App LEXIS 1814. Title that is "duly perfected" includes good record title, but is not limited to good record title. *Kessler v. Bridge (supra)* Title is "duly perfected" when all steps have been taken to make it perfect, that is, to convey to purchaser that which he has purchased, valid and good beyond all reasonable doubt. *Kessler v. Bridge (supra). See also, Pell v. McElroy,*

36 Cal. 268, 1868 Cal. LEXIS 186 (1868)

44. Carr believes the physical blue ink promissory note was not properly conveyed in this matter, if it was conveyed at all.

45. It is apparent from Exhibit 'A' that the Note and the Deed have been bifurcated since Carr has been repeatedly told by counsels for the debtor and the bankruptcy trustee that her loan had been sold to Chase in 2006.

46. Has Home123 Corporation and New Century Mortgage sold Carr's loan twice? Once to Chase in 2006 and a second time to U.S. Bank, N.A. in 2007? Does Deutsche Bank also own a 100% interest in the loan Home123 originated involving Carr?

47. Hahn & Hessen has admitted that **no** New Century TRS Holdings Inc. entity has repurchased Carr's mortgage loan since it was originated & allegedly sold to Chase in 2006.

48. Additionally it has now been learned that New Century Mortgage and Home123 Corporation routinely sent the original loan files to Mexico for scanning and shredding. That was until Marc Lowenthal, formerly Sr. V.P. at New Century, put a stop to it due to security, privacy and data security concerns for the documents and for the borrower's data. Carr now believes that her loan documents may have been tampered with & her data privacy compromised. Carr has worked with Marc Lowenthal at a prior employer.

49. Further indication that New Century Mortgage and Home123 Corporation sent original loan files to Mexico for scanning and shredding is given by Diana Noriega, a former AVP of Operations for New Century Mortgage, who has posted in LinkedIN, a professional website, her resume in which she states "Responsible for Managing the various Records Management Departments & Auditing Department in Monterrey Mexico." And " Communicated in Spanish with staff in Monterrey Mexico".

## RELIEF FROM FRAUD & FRAUDULENT CONVEYANCES

50. Examples of fraudulent conveyances from which relief may be had include:

> Transfer made or obligation incurred by a debtor with actual intent to hinder, delay, or defraud any creditor of the debtor [Cal. Civ. Code § 3439.04(a)(1)].

> Transfer made or obligation incurred without the transferor's or obligor's receiving reasonably equivalent value in exchange for the transfer or obligation and the transferor or obligor intended to incur, or believed, or reasonably should have believed, that he or she would incur debts beyond his or her ability to pay as they became due [Cal. Civ. Code § 3439.04(a)(2)(B)].

51. After creditor's claim arose, transfer made or obligation incurred by a debtor without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor was insolvent at the time or became insolvent as a result of the transfer or obligation [Cal. Civ. Code § 3439.05], and

52. Transfer made or an obligation incurred by a debtor who did not receive reasonably equivalent value in exchange for the transfer or obligation and who was engaged, or was about to engage, in a business or transaction for which his or her remaining assets were unreasonably small in relation to the business or transaction [Cal. Civ. Code § 3439.04(a)(2)(A)].

53. Trustee in bankruptcy seeking declaration that conveyance by debtor was void and to quiet title in debtor is not subject to statute of limitations; under California law, limitation is not applicable against grantor remaining in possession and therefore not applicable against trustee. *In re Allustiarte* (9th Cir. 1986) 786 F.2d 910, 913.

## ASSIGNMENT SHOULD BE DEEMED VOID, FRAUD CANNOT BE UNDONE, FORECLOSURE CANNOT BE BASED UPON FRAUD

54. Fraudulent transfer is void, not voidable. See, *Strangman v. Duke* (1956) 140 Cal. App. 2d 185, 191, 295 P.2d 12. Transferee by reason of fraudulent transfer obtains no right to possession of property transferred. *Wagner v. Trout* (1954) 124 Cal. App. 2d 248, 254, 268 P.2d 537. Fraud is provable by inferences from circumstances surrounding transaction, relationship and interest of parties. *Neumeyer v. Crown Funding Corp.* (1976) 56 Cal. App. 3d 178, 183, 128 Cal. Rptr. 366; *Burns v. Radoicich* (1947) 77 Cal. App. 2d 697, 700-701, 176 P.2d 77. Carr properly alleges the trustee sale was fraudulent. The Home123 Note has been satisfied in 2006 and any subsequent attempt to transfer the deed in 2007 is fraudulent. Possession under color of title must be in good faith; and if a transferee knows the deed taken is not valid, good faith is lacking (*Nutting v. Herman Timber Co.* (1963) 214 Cal. App. 2d 650, 658, 29 Cal. Rptr. 754).

55. The law on this issue is clear, fraudulent transferee is not entitled to reimbursement for outlays made in connection with acquisition of property in fraud. *Butler v. San Francisco Gas & Elec. Co.* (1914) 168 Cal. 32, 39, 141 P. 818. Burden of proof to establish fraudulent intent of transferor is by preponderance of evidence. *Liodas v. Sahadi* (1977) 19 Cal. 3d 278, 286-293, 137 Cal. Rptr. 635, 562 P.2d 316 (overruling contrary holding of *Aggregates Associated, Inc. v. Packwood* (1962) 58 Cal. 2d 580, 588, 25 Cal. Rptr. 545, 375 P.2d 425 and cases decided thereunder on standard of proof). Party who claims transfer to be fraudulent has burden of showing transferor's fraudulent intent and knowledge thereof by transferee. *Vaughn v. Coccimiglio* (1966) 241 Cal. App. 2d 676, 679, 50 Cal. Rptr. 876. Indicia of fraud, though insufficient when considered separately, may provide sufficient evidence of fraudulent intent when considered together. *Burns v. Radoicich* (1947) 77 Cal. App. 2d 697, 700-701, 176 P.2d 77.

## CALIFORNIA CIVIL CODE § 3345 UNFAIR OR DECEPTIVE PRACTICES AGAINST SENIOR CITIZENS OR DISABLED PERSONS-TREBLE DAMAGES

56. Carr has been disabled since 2001. Fibromyalgia is one of her conditions and the stress of this entire situation from the fraudulent and over-burdensome loan origination with Home123 Corporation onwards, including the wrongful foreclosure by a party unknown to Carr and with no duly perfected right to foreclose, and the subsequent negotiation with Hahn & Hessen, representing NCLT, which was under the guise of fraud, has exacerbated her condition and caused her health to further deteriorate resulting in extreme pain & fatigue and multiple trips to doctors, physical therapy and ER visits, all of which are documented.

57. CALIFORNIA CIVIL CODE § 3345:

    (a) This section shall apply only in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons, as those terms are defined in subdivisions (f) and (g) of Section 1761, to redress unfair or deceptive acts or practices or unfair methods of competition.

    (b) Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy to impose. Whenever the trier of fact makes an affirmative finding in regard to one or more of the following factors, it may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized

by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding:

(1) Whether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.

(2) Whether the defendant's conduct caused one or more senior citizens or disabled persons to suffer: **loss or encumbrance of a primary residence**, principal employment, or source of income; **substantial loss of property set aside for retirement**, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.

(3) Whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

## CONCLUSION

58. Carr has owned her home since 1999 with no prior mortgage loan issues.

59. Carr has been injured and damaged by the fraudulent actions of the DEFENDANT-DEBTOR'S employees or former employees and further from the negotiation with NCLT counsel Hahn & Hessen under the guise of fraud.

60. Carr respectfully requests that the Corporation Assignment of Deed of Trust invalidly executed by Stephen L. Nagy, V.P. of Home123 Corporation on May 22, 2007 and recorded on June 15, 2007 in Alameda County Recorder's Office as Instrument Number 2007224804 be deemed 'VOID'.

61. Carr respectfully requests that the wrongful foreclosure based upon the void and invalid Corporation Assignment of Deed of Trust (Exhibit 'A') be set aside and that Quiet Title be issued to Anita B. Carr as TR for the Anita B. Carr Revocable Living Trust as of January 25, 2006 for her property in which she currently resides at 11801 Bloomington Way in Dublin, CA 94568 (APN 941-2757-064).

62. Carr, respectfully requests that she be awarded treble damages.

63. Carr also seeks: actual damages; statutory penalties and damages; the costs to bring this action and appear at same; compensatory and punitive damages; injunctive relief; quiet title; credit restoration; immediate resolution of the issues being raised herein; other legal, equitable and remedial damages that this Honorable Court may deem fair, just, proper, necessary and appropriate in its Honorable and equitable discretion.

DATED: February 15, 2011　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Anita B. Carr, pro per

**VERIFICATION**

I, ANITA B. CARR, am the plaintiff in the above entitled proceeding. I have drafted and read the Brief in Support of Evidentiary Hearing and the Judicial Notice attached hereto, in the above-entitled action and know the contents thereof. The same is true of my knowledge except to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on this 15th day of February, 2011 at Dublin, CA.

_____
Anita B. Carr