## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC**,: | | |
| *et al.* | : | Case No. 07-10416 (KJC) |
| Debtors | : | |
| | : | |
| | : | |
| **ANITA B. CARR,** | : | Adv. Pro. No. 09-52251 (KJC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC**,: | | |
| *et al.* | : | Re: docket no. 79, 81, 83 |
| | : | |
| Defendants | : | |

## MEMORANDUM ON RECONSIDERATION [1]

## BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

By Memorandum and Order dated May 10, 2011 (the "May 10, 2011 Decision") (docket nos. 75 and 76), the Court denied the Plaintiff's Request for Stay of Dismissal and for Evidentiary Hearing (the "Request to Stay Dismissal") (docket no. 53) and the Plaintiff's Emergency Request for Order to Show Cause (the "Request for a Show Cause Order") (docket no. 65). Currently before the Court is the Plaintiff's Motion for Reconsideration of the May 10, 2011 Order and Request for Clarification of the 2008 Blanket Order for Relief from Stay (docket

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. 157(b)(1) and (b)(2)(B).

no. 79) (the "Motion for Reconsideration").[2]  The New Century Liquidating Trust (the "Trust"),

by and through Alan M. Jacobs, the Liquidating Trustee (the "Trustee")opposes the Motion for

Reconsideration (docket no. 82).

Background [3]

On October 5, 2010, the Trustee and the Plaintiff entered into a Settlement Agreement to

resolve this adversary proceeding.  Under the Settlement Agreement, the Trustee agreed to pay a

Settlement Sum of $60,000 "in full and final satisfaction of the Causes of Action and any other

claim(s) that [Plaintiff] may have against the Debtors or the Trust."  The Plaintiff acknowledged

that the Settlement Sum was paid to her. On November 2, 2010, the Plaintiff filed a notice of

dismissal for this adversary proceeding.

On December 13, 2010, the Plaintiff filed the Request to Stay Dismissal, arguing that

dismissal of the adversary proceeding should be stayed because she obtained new evidence

demonstrating that the Trustee made false representations to induce her to enter into the

Settlement Agreement.  On March 10, 2011, the Plaintiff filed the Request for a Show Cause

Order asking the Court to require the Trustee to show cause why the Court should not issue an

order staying all proceedings based on documents notarized by certain individuals employed by

the Debtors and, further, ordering the Trustee to produce "notarial journals."  The Trustee filed

objections to both the Request to Stay Dismissal and the Request for a Show Cause Order.  After

---

[2]The Plaintiff also filed an Addendum to the Motion for Reconsideration on May 20, 2011 (docket no. 81) and a Request for Judicial Notice in Support of the Motion for Reconsideration on June 6, 2011 (docket no. 83).

[3]The Background of this matter is set forth more fully  in *Carr v. New Century TRS Holdings, Inc. (In re New Century TRS Holdings, Inc.),* Adv. No. 09-52251, 2011 WL 1792544 (Bankr.D.Del. May 10, 2011). Capitalized terms not defined in this Memorandum shall have the meaning set forth in the May 10, 2011 Decision.

2

an evidentiary hearing on April 20, 2011, the Court issued the May 10, 2011 Decision denying

the Plaintiff's Request to Stay Dismissal and the Request for a Show Cause Order.

For the reasons set forth below, the Plaintiff's Motion for Reconsideration is denied.

## Legal Standard

Federal Rule of Bankruptcy Procedure 9023, which incorporates Fed.R.Civ.P. 59,

governs motions for reconsideration. Fed.R.Civ.P. 59(e). A motion to alter or amend a judgment

under Rule 59(e) must be grounded on (1) an intervening change in controlling law; (2) the

availability of new evidence; or (3) the need to correct clear error of law or prevent manifest

injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A decision

should be reconsidered when facts that would alter or impact the decision have been overlooked

or misapprehended. *Official Comm. of Unsecured Creditors v. Catholic Diocese of Wilmington,*

*Inc. (In re Catholic Diocese of Wilmington, Inc.)*, 437 B.R. 488, 490 (Bankr. D. Del. 2010) citing

*Karr v. Castle,* 768 F.Supp. 1087, 1093 (D.Del. 1991) aff'd 22 F.3d 303 (3d Cir. 1994). A

motion for reconsideration should not be used to reargue the facts or applicable law. *Catholic*

*Diocese*, 437 B.R. at 490; *see also Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994)

("Parties are not free to relitigate issues that the Court has already decided, nor should parties

make additional arguments which should have been made before judgment"). "Motions for

reconsideration should be granted sparingly because of the interests in finality and conservation

of scarce judicial resources." *Pennsylvania Ins. Guaranty Ass'n v. Trabosh*, 812 F.Supp. 522,

524 (E.D. Pa. 1992).

The Plaintiff argues that this Court should reconsider its decision in the Memorandum

and Order dated May 10, 2011 (the "May 10, 2011 Decision") to consider new evidence and to

prevent manifest injustice.

Discussion

The Plaintiff, who has represented herself throughout this proceeding, seeks reconsideration of the May 10, 2011 Decision because (i) the May 10, 2011 Decision failed to address the Plaintiff's allegations of mortgage fraud and bankruptcy fraud, and (ii) the May 10, 2011 Decision is not support by the evidence.[4]  The Trustee objects to the Motion for Reconsideration and argues that the Plaintiff has not demonstrated a valid basis for reconsideration of the May 10, 2011 Decision, but merely restates alleged facts and arguments previously presented at the evidentiary hearing on April 20, 2011 and in various pleadings.

The Plaintiff argues that the May 10, 2011 Decision must be reconsidered because the Court has failed to address the Plaintiff's allegations of mortgage fraud and bankruptcy fraud committed by the Debtors and the Trust.  In particular, the Plaintiff alleges that the Debtors

---

[4]In the Addendum, the Plaintiff asserts that an attorney who contacted the Plaintiff in an effort represent her in this adversary proceeding, was acting under false pretenses to obtain information from her, because the attorney either currently or previously represented the Trustee.  The Plaintiff points to a notice of electronic service of the Trust's Emergency Motion to (I) Enforce the Modified Confirmation Order as it Relates to the Plan Injunction and (ii) Clarify the Global Relief Stay Order Dated September 3, 2008 (main case docket no. 10483), which shows that the document was served upon, among others:

> Joseph J. Bodnar on behalf of Creditor Mark Malovos,
> jbodnar@bodnarlaw.net
> Joseph J. Bodnar on behalf of Plaintiff Alan M. Jacobs, as Liquidating Trustee, of the New Century Liquidating Trust
> jbodnar@bodnarlaw.net

The Plaintiff believes this provides evidence that Mr. Bodnar represents the Trustee. I do no find any facts to support the allegations in the Plaintiff's Addendum.  Mr. Bodnar's appearance on behalf of other claimants in this bankruptcy case does not prove any representation of the Trustee; rather it demonstrates the opposite: such interests are adverse to those of the Trustee. Trustee's counsel also confirmed that "Mr. Bodnar was never retained or employed by the Trust." (Tr. 7/26/2011 at 30-31). The reference to service on Mr. Bodnar "on behalf of Alan M. Jacobs, as Liquidating Trustee, of the New Century Liquidating Trust" is an obvious error.

engaged in fraud by preparing and filing an assignment of her Deed of Trust through forgery,

back-dating, and "robo-signing" of documents. She argues that this Court should have considered

the "new evidence" she uncovered after entering into the Settlement Agreement with the Trustee

consisting of the log book for the notary who notarized the signature on the Assignment.

The foregoing arguments and allegations regarding "new evidence" in the form of the

notary logs are reiterations of the arguments and allegations made in the pleadings and at the

April 20, 2011 evidentiary hearing, and were considered by the Court in the May 10, 2011

Decision.  The notary log is not "new evidence" to support the Motion for Reconsideration.

Although the notary log was not admitted into evidence at the April 20, 2011 hearing (*see New

Century*, 2011 WL 1792544 n.5), I determined that further discovery related to the notary log and

Assignment was futile since the Plaintiff released those claims in the Settlement Agreement,

writing:

> Here, the record demonstrates that [the] nature of the Plaintiff's fraud
> claims against the Debtors arising from the Assignment were well-known to the
> Plaintiff at the time she signed the Settlement Agreement. *The Plaintiff's later
> discovery of additional information about a known claim does not provide her
> with an opportunity to renegotiate the Settlement Agreement.*
> Because the Plaintiff's claims concerning the validity of the Assignment
> and the authenticity of the notarized signature thereon were released as part of the
> Settlement Agreement, the Motion to Stay Dismissal will be denied.

*New Century*, 2011 WL 1792544 at * 4-*5 (emphasis added).  The Plaintiff settled her claims of

fraud (along with other causes of action or claims) against the Debtors and the Trust, and she has

not shown that the Court overlooked or misapprehended any facts that would alter this decision.

Yet the Plaintiff continues to assert claims against the Debtors and the Trust related to the

note and deed of trust provided by the Plaintiff to Debtor Home 123 Corporation on or about

January 26, 2006. Neither the Debtors nor the Trust claim any interest in the note or deed of trust.

Both the Debtors and the Trust maintain that the Debtors have no interest in the note or deed of

trust, because, according to the Debtors' books and records, the Debtors' interest was transferred

prior to the bankruptcy filing.  To the extent the Plaintiff seeks further relief regarding the

validity of  assignments and the enforceability of the note or deed of trust, she must address these

claims in an appropriate forum with the participation of the entity or entities now claiming an

interest in or ownership of the note and deed of trust.  Such claims involve the rights and

interests of third parties not currently before the Court, and the outcome of any dispute between

or among those parties will not have any effect upon the Debtors' bankruptcy estate.  Therefore,

the Bankruptcy Court currently does not have jurisdiction over such disputes.  *See Pacor, Inc. v.*

*Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)[5] ("The usual articulation of the test for determining

whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding

could conceivably have any effect on the estate being administered in bankruptcy. . . .  An action

is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or

freedom of action (either positively or negatively) and which in any way impacts upon the

handling and administration of the bankrupt estate.").[6]  *See also In re Resorts Int'l, Inc.*, 372 F.3d

---

[5]While *Pacor* was overruled on other grounds by *Things Remembered, Inc. v. Petrar*, 516 U.S. 124, 134-35 (1995)(Stevens, J. concurring), the *Pacor* test for "related to" jurisdiction was discussed favorably by the U.S. Supreme Court in *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995), and in footnote 6 of *Celotex*, the Supreme Court noted that - - as of that time - - eight other circuit courts had adopted the *Pacor* test with little or no variation.

[6]Moreover, if a final judgment has been entered in state court foreclosure proceedings,  the *Rooker-Feldman* doctrine prevents this Court from determining that a state court judgment was erroneously entered or taking action to render a state court judgment ineffectual.  *See Edwards v. New Century Mortgage Corp. (In re New Century TRS Holdings, Inc.)*, 423 B.R. 467, 472 (Bankr.D.Del. 2010) citing *Madera v. Ameriquest Mortg. Co. (In re Madera)*, 586 F.3d 228, 232 (3d Cir. 2009).

154, 168-69 (3d Cir. 2004)(Post-confirmation, a bankruptcy court's jurisdiction is limited to matters in which "there is a close nexus to the bankruptcy plan or a proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement).

The Plaintiff also argues that, in arriving at the conclusions in the May 10, 2011 Decision, the Court failed to consider evidence of the Trustee's misrepresentations to the Plaintiff, which induced her into signing the Settlement Agreement.  However, the Motion for Reconsideration merely repeats the Plaintiff's arguments that were raised and considered in the May 10, 2011 Decision.  (*See New Century,* 2011 WL 1792544 at *4 ("There is no evidence in this record that the Trustee made any representations to the Plaintiff that he knew to be untrue or that were, in fact, untrue.").

Furthermore, the Plaintiff alleges that the Bankruptcy Court ignored her allegations of criminal acts and failed to order the Trustee to investigate those allegations regarding robo-signing based on the notary journals.  The Court specifically considered the Plaintiff's allegations in denying her request for issuance of a "show cause order" in its May 10, 2011 Decision. The Plaintiff now asserts that the Debtors engaged in bankruptcy fraud and have used the bankruptcy process to conceal assets.  The release in the Settlement Agreement released the Debtors and the Trust from the Plaintiff's fraud and other claims and, therefore, the Plaintiff cannot continue to pursue them.[7]

The Plaintiff also claims that the Court denied her due process by staying discovery in the

---

[7]While the record before me is insufficient to require any report under 18 U.S.C. §3057,  the Plaintiff may report allegations of suspected bankruptcy fraud to the United States Attorney in accordance with established procedures. *See*  http: //www.justice.gov/ust/eo/fraud/index.htm

adversary proceeding.  By Order dated September 10, 2010 (docket no. 45), this Court stayed the adversary proceeding pending resolution of the Trust's objection to the Plaintiff's proof of claim because the Trustee asserted, and the parties ultimately agreed, that it would be more expeditious to proceed to the substantive issues regarding the Trustee's objections to the Plaintiff's claim as a contested matter under Fed.R.Bankr.P. 9014, while the adversary proceeding was stayed.  (Tr. 8/13/2010 at 3 - 10).  The parties agreed discovery would take place under the contested matter, although the parties ultimately resolved all issues through the Settlement Agreement.  The Plaintiff was not denied due process by going forward consensually on the issues as an objection to her proof of claim, while the adversary proceeding was stayed.

Finally, in the Motion for Reconsideration, the Plaintiff argues that the May 10, 2011 Decision fails to clarify the effect of the "Global Relief Order" upon her ability to pursue claims for fraud against the Debtors in another venue. (*See* Order dated September 4, 2008 entitled "Amended Order Terminating The Automatic Stay Under Section 362(a) Of The Bankruptcy Code To Permit The Commencement Or Continuation Of Any Act To Exercise Any Rights And Remedies Upon Interests In Real Property" (main case docket no. 8892) (the "Global Relief Order")).   The Court entered the Global Relief Order to address the surfeit of lift stay motions being filed in the main chapter 11 cases and to relieve the estate from incurring unnecessary costs in connection with such motions.  The Global Relief Order terminated that automatic stay to permit lenders to add the Debtors or the Trust as defendants in non-bankruptcy court actions seeking to adjudicate the Debtors' or Trust's interest in real property, usually in foreclosure proceedings.  The Global Relief Order was not designed to allow and does not permit parties, like the Plaintiff here, to pursue claims against the Debtors or the Trust for monetary damages .

(Global Relief Order, ¶2).  As clarified in an order dated May 25, 2011:

> The Global Relief Stay Order was not intended to, nor does it, grant any party
> relief from the automatic stay under section 362(a) of the Bankruptcy Code or the
> provisions of the Modified Confirmation Order to proceed with direct actions
> against any of the Debtors, the Trust or the Liquidating Trustee; the Global Relief
> Stay Order was entered solely to provide a mechanism for parties to name the
> Debtors nominally so as to commence foreclosure proceedings or otherwise clear
> title to real property.

(May 25, 2011 Order, ¶4, main case docket no. 10491).[8]   Accordingly, the Global Relief

Order does not allow the Plaintiff to bring suits for monetary damages against the Debtors

or the Trust in another forum.

For the foregoing reasons, the Plaintiff's Motion for Reconsideration is denied.

An appropriate Order follows.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated:   December 7, 2011

---

[8]In a recent decision, the United States District Court in Hawaii decided that the Global Relief
Order did not prevent a plaintiff from serving New Century Mortgage Corporation ("NCMC") with a
complaint or otherwise pursuing claims against NCMC.  *Uy v. Wells Fargo Bank, N.A.*, Civ. No. 10-
00204, 2011 WL 1235590 at *1, n.2 (D.Haw. March 28, 2011).  This decision has caused some
confusion, since the complaint at issue in that case includes claims for monetary damages.  The Global
Relief Order did not terminate the automatic stay to permit claims for monetary damages against the
Debtors or the Trust, but was designed to allow plaintiffs to add the Debtors or the Trust as defendants to
complaints seeking to determine the Debtors' or Trust's interest in a particular real property.