**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC**, | : | |
| *et al.* | : | Case No. 07-10416 (KJC) |
| Debtors | : | |
| | : | |
| **ANITA B. CARR,** | : | Adv. Pro. No. 09-52251 (KJC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC**, | : | |
| *et al.* | : | Re: docket no. 96 |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER[1]

BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

Before the Court is the "Objection and Motion to Vacate, Alter or Amend Memorandum on Reconsideration and Order on Reconsideration and Request for Judicial Notice" (docket no. 96) (the "Second Reconsideration Motion") filed by Anita B. Carr (the "Plaintiff"). The New Century Liquidating Trust (the "Trust"), by and through Alan M. Jacobs, the Liquidating Trustee (the "Trustee") filed a response opposing the Second Reconsideration Motion (docket no. 103). The Plaintiff filed a reply (docket no. 105) and the matter is ripe for consideration.

For the reasons stated herein, the relief requested in the Second Reconsideration Motion will be DENIED.

---

[1]This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. 157(b)(1) and (b)(2)(B).

## BACKGROUND[2]

On October 5, 2010, the Trustee and the Plaintiff entered into a Settlement Agreement resolving this adversary proceeding. Under the Settlement Agreement, the Trustee agreed to pay a Settlement Sum of $60,000 "in full and final satisfaction of the Causes of Action and any other claim(s) that [Plaintiff] may have against the Debtors or the Trust." The Plaintiff acknowledged that the Settlement Sum was paid to her. On November 2, 2010, in accordance with the terms of the Settlement Agreement, the Plaintiff filed a notice of dismissal of this adversary proceeding.

On December 13, 2010, the Plaintiff filed the Request to Stay Dismissal and for Evidentiary Hearing (docket no. 53) (the "Request to Stay Dismissal"), arguing that dismissal of the adversary proceeding should be stayed because she obtained new evidence demonstrating that the Trustee made false representations to induce her to enter into the Settlement Agreement.

On March 10, 2011, the Plaintiff filed the Emergency Request for an Order to Show Cause (docket no. 65)(the "Request for a Show Cause Order") asking the Court to require the Trustee to show cause why the Court should not issue an order staying all proceedings based on documents notarized by certain individuals employed by the Debtors and, further, ordering the Trustee to produce "notarial journals."

After an evidentiary hearing on April 20, 2011, the Court issued a Memorandum and Order dated May 10, 2011 (docket nos. 75 and 76) (the "May 10, 2011 Decision") denying the Request to Stay Dismissal and the Request for a Show Cause Order.

---

[2]The Background of this matter is set forth more fully in *Carr v. New Century TRS Holdings, Inc. (In re New Century TRS Holdings, Inc.),* Adv. No. 09-52251, 2011 WL 1792544 (Bankr.D.Del. May 10, 2011)("*Carr/New Century I")*. Capitalized terms not defined in this Memorandum shall have the meaning set forth in the May 10, 2011 Decision.

On May 18, 2011, the Plaintiff filed a Motion for Reconsideration of the May 10, 2011 Order and Request for Clarification of the 2008 Blanket Order for Relief from Stay (docket no. 79) (the "First Reconsideration Motion").

On December 7, 2011, the Court issued a Memorandum and Order denying the First Reconsideration Motion (docket nos. 93 and 94) (the "December 7, 2011 Decision").

On December 14, 2011, the Plaintiff filed the Second Reconsideration Motion.[3]

LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 9023, which incorporates Fed.R.Civ.P. 59, governs motions for reconsideration. Fed.R.Civ.P. 59(e). A motion to alter or amend a judgment under Rule 59(e) must be grounded on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). When seeking reconsideration to correct an error of law or to prevent manifest injustice, a litigant should "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the court and the litigant." *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D.Pa. 1992) quoting *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D.Miss. 1990). A Rule 59(e) motion should not be used as a means to reargue matters already argued and disposed of by prior rulings, or to put forward additional arguments which a party could have made, but neglected to make, before judgment. *Dodge*, 796 F.Supp. at 830 citing *Davis v. Lukhard*, 106 F.R.D. 317, 318 (E.D. Va. 1984) *judgment vacated on other grounds* 788

[3]On December 15, 2011, the Plaintiff filed a Notice of Appeal regarding the December 7, 2011 Decision. Pursuant to Fed.R.Bankr.P. 8002(b), the appeal is not effective until entry of an order disposing of the Plaintiff's Second Reconsideration Motion, filed under Fed.R.Bankr.P. 9023 and 9024.

F.2d 973 (4th Cir. 1986).

Federal Rule of Bankruptcy Procedure 9024, which incorporates Fed.R.Civ.P. 60 (with specific exceptions not applicable here), provides in pertinent part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "Parties seeking review of an order or judgment under Rule 60(b) have a high hurdle to overcome in obtaining relief . . . . Rule 60(b) seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts." *Drumm v. New England Loan Marketing Ass'n (In re Drumm)*, 329 B.R. 23, 31 (Bankr.W.D.Pa. 2005) (citations omitted, emphasis in original).

DISCUSSION

The Plaintiff, who has represented herself throughout this proceeding, has filed the Second Reconsideration Motion and appears to assert three bases for relief: (1) new evidence: the Plaintiff argues that the Court failed to consider available evidence in reaching the December 7, 2011 Decision; the Plaintiff submits additional information for consideration in connection

with the Second Reconsideration Motion; (2) fraud and misrepresentation: the Plaintiff argues, again, that the Trustee fraudulently induced her into entering into the Settlement Agreement and has made various misrepresentations to the Plaintiff throughout this proceeding; and (3) manifest injustice and equitable grounds for relief: the Plaintiff argues that she continues to suffer manifest injustice and violation of her due process rights due to the Court's previous decisions that it is without jurisdiction to, among other things, quiet title to the real property and declare certain assignments and transfers void based upon "illegal notary acts" and "robo-signing" by employees of New Century.

(A) New Evidence

The Plaintiff seeks reconsideration of the December 7, 2011 Decision, arguing that the Court wrongfully stated that evidence submitted in connection with the First Reconsideration Motion consisted of notary logs that were a reiteration of the arguments raised at the April 20, 2011 hearing, even though she had submitted new evidence in the form of an "Notary Affidavit" by an employee of the Debtors, which was signed and notarized on June 4, 2011 - - after the April 20, 2011 hearing and the May 10, 2011 Decision. The Notary Affidavit, however, included statements and attached copies of a notary log in support of the same arguments raised at the April 20, 2011 hearing. In the December 7, 2011 Decision, I wrote:

> The notary log is not "new evidence" to support the Motion for Reconsideration. Although the notary log was not admitted into evidence at the April 20, 2011 hearing (*see New Century*, 2011 WL 1792544 n.5), I determined that further discovery related to the notary log and Assignment was futile since the Plaintiff released those claims in the Settlement Agreement, writing:
>
> > Here, the record demonstrates that [the] nature of the Plaintiff's fraud claims against the Debtors arising from the Assignment were well-known to the Plaintiff at the time she signed the Settlement Agreement. *The Plaintiff's later discovery of*

> > *additional information about a known claim does not provide her with an opportunity to renegotiate the Settlement Agreement.*
> >
> > Because the Plaintiff's claims concerning the validity of the Assignment and the authenticity of the notarized signature thereon were released as part of the Settlement Agreement, the Motion to Stay Dismissal will be denied.
>
> *New Century*, 2011 WL 1792544 at * 4-*5 (emphasis added). The Plaintiff settled her claims of fraud (along with other causes of action or claims) against the Debtors and the Trust, and she has not shown that the Court overlooked or misapprehended any facts that would alter this decision.

*Carr v. New Century TRS Holdings, Inc. (In re New Century TRS Holdings, Inc.),* Adv. No. 09-52251, 2011 WL 6097910, *2 (Bankr.D.Del. Dec. 7, 2011)("*Carr/New Century II*"). Nothing in the Second Reconsideration Motion provides a basis for me to reconsider these conclusions in the December 7, 2011 Decision.

The Plaintiff also asks the Court to take judicial notice of a number of documents attached to the Second Reconsideration Motion, including (a) an affidavit of a register of deeds in Massachusetts regarding his policy in recording documents that appear to be "robo-signed," including those by Steve Nagy (a former employee of the Debtors), (b) a press release dated December 6, 2011 by attorneys general of California and Nevada regarding their joint investigation of fraudulent mortgage and foreclosure practices, (c) a press release dated November 16, 2011 by the Office of the Nevada Attorney General regarding a 606 count indictment against two title officers who directed and supervised a robo-signing scheme, (d) a press release dated December 5, 2011 by the Office of the Nevada Attorney General regarding complaints filed against three more notaries in the robo-signing investigation, and (e) a letter dated September 7, 2011 from the Office of the Clerk-Recorder of Orange County, California to the California Secretary of State asking for an investigation of questionable notary transactions

by Mr. Rojas (a former employee of the Debtors). She asserts that the Settlement Agreement must be renegotiated based upon the "new evidence."

Relief based upon new evidence may be granted pursuant to Rule 60(b)(2) only upon a showing that:

(1) the evidence was in existence at the time of trial or pertains to facts in existence at the time of trial,
(2) it was discovered subsequent to trial;
(3) due diligence on the part of movant to discover the new evidence is shown or may be inferred;
(4) the evidence is admissible;
(5) it is credible;
(6) the new evidence is material;
(7) it is not merely cumulative or impeaching; and
(8) the new evidence is likely to change the outcome of the case.

*Cassady-Pierce Co, Inc. v. Burns (In re Burns)*, 169 B.R. 563, 569 (Bankr.W.D.Pa. 1994) citing *U.S. v. McGaughey*, 977 F.2d 1067, 1075 (7th Cir. 1992), *cert. denied*, 507 U.S. 1019, 113 S.Ct. 1817, 123 L.Ed.2d 447 (1993). The Plaintiff's "new evidence" does not meet the foregoing requirements of materiality, and is merely cumulative of her previous evidence to support her allegations of notary fraud.[4] More importantly, this evidence does not support relief under Rule 60(b)(2) because would not change the outcome of either the May 10, 2011 Decision or the December 7, 2011 Decision. As stated previously, the Plaintiff knew of and asserted general

---

[4]Federal Rule of Evidence 201 authorizes a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). Further, judicial notice may be taken at any stage of the proceeding. Fed.R.Evid. 201(f). The Third Circuit Court of Appeals has decided that a court may take judicial notice of an adjudicative fact under Federal Rule of Evidence 201 that is not subject to reasonable dispute "as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." *In re Indian Palms Assoc.*, 61 F.3d 197, 205 (3d Cir. 1995). For purposes of this Memorandum, I take judicial notice only of the existence of the Plaintiff's "new evidence" without making any determination about its admissibility or the truth of any information contained therein. *See In re Peregrine Systems, Inc.*, 311 B.R. 679, 692 (D.Del. 2004).

fraud claims in her Complaint, which would include those asserted in connection with the Assignment of the Note and Deed of Trust. She settled these fraud claims as part of the Settlement Agreement with the Trust, which included a general release. The Plaintiff's "new evidence" does not provide any basis for reconsideration under either Fed.R.Civ.P. 59(e) or 60(b)(2).

(B) Fraud

To prevail on a Rule 60(b)(3) motion, "the movant must show that the adverse party engaged in fraud or other misconduct, and this conduct prevented the movant from fully and fairly presenting his case." *Linear Tech. Corp. v. Monolithic Power Sys., Inc.,* 2009 WL 3805567, *3 (D.Del. Nov. 12, 2009). *See also In re Chipwich, Inc.*, 64 B.R. 670, 676 (Bankr.S.D.N.Y. 1986) ("A motion to vacate an order for fraud in its procurement pursuant to Fed.R.Civ.P. 60(b)(3) must be proved by clear and convincing evidence.").

The Plaintiff's claims of fraud against the Debtors and the Trustee were released in the Settlement Agreement. The Plaintiff continues to argue that the Settlement Agreement must be deemed void due to the Trustee's misrepresentations about signatures of the Debtors' employees during settlement negotiations. This argument was raised previously and, after consideration of the evidence at the April 20, 2011 hearing, I determined that it was without merit. *See Carr/New Century I*, 2011 WL 1792544, *4 ("There is no evidence in this record that the Trustee made any representations to the Plaintiff that he knew to be untrue or that were, in fact, untrue.").[5]

The Plaintiff now asserts that the Trustee made further misrepresentations to her during

[5]The Plaintiff's claims of fraud are intertwined with allegations that the settlement should not have been executed until the Trustee *proved* that the Plaintiff's loan was properly transferred. There is no basis for this assertion.

this case about the potential recovery amount on her claim because, she argues, a "Reserve Fund" in the amount of one million five hundred thousand dollars has been set aside for disputed claims, including her claim. (*See* main case docket no. 10010). The Reserve Fund does not entitle any claimant to full payment of an allowed pre-petition claim. The Reserve Fund was established to pay disputed claims in accordance with the terms of the confirmed plan *if* the claims were ultimately deemed valid and allowed. The Plaintiff now asserts that her claim may be a post-petition claim, but this does not render previous statements by the Trustee or his counsel to be "misrepresentations," since such statements, if made, were made based on the Trustee's consistent, public, on-the-record position that the Plaintiff's claims were prepetition general unsecured claims. There is no evidence of fraud or misconduct in connection with the Settlement Agreement or this adversary proceeding.

For the foregoing reasons, the Plaintiff's request for reconsideration based upon allegations of fraud and misrepresentations will be denied.

(C) Manifest injustice and equitable grounds for relief

Finally, the Plaintiff continues to argue that she is suffering manifest injustice as a result of the Court's prior decisions because the Court has not granted equitable relief by quieting title to her real property or determining certain assignments of loan documents to be void. She argues that the Debtors' assignment or transfer of her loan was invalid; therefore, her loan remains property of the estate and subject to this Court's jurisdiction.

The Debtors have not claimed any interest in the Plaintiff's loan. Quite to the contrary, the Trustee has disavowed - - consistently - - *any* property interest in the Plaintiff's loan. The Plaintiff has not alleged that there would be any merit or benefit to the estate or other creditors in

pursuing an action to bring the loan back into the Debtors' estate and I perceive none. The relief Plaintiff seeks implicates the rights and claims of third parties, who are not before this Court. As stated previously:

> To the extent the Plaintiff seeks further relief regarding the validity of assignments and the enforceability of the note or deed of trust, she must address these claims in an appropriate forum with the participation of the entity or entities now claiming an interest in or ownership of the note and deed of trust. Such claims involve the rights and interests of third parties not currently before the Court, and the outcome of any dispute between or among those parties will not have any effect upon the Debtors' bankruptcy estate. Therefore, the Bankruptcy Court currently does not have jurisdiction over such disputes. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)[5] ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.").[6] *See also In re Resorts Int'l, Inc.*, 372 F.3d 154, 168-69 (3d Cir. 2004)(Post-confirmation, a bankruptcy court's jurisdiction is limited to matters in which "there is a close nexus to the bankruptcy plan or a proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement).
>
> [n.5 While *Pacor* was overruled on other grounds by *Things Remembered, Inc. v. Petrar*, 516 U.S. 124, 134-35 (1995)(Stevens, J. concurring), the *Pacor* test for "related to" jurisdiction was discussed favorably by the U.S. Supreme Court in *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995), and in footnote 6 of *Celotex*, the Supreme Court noted that - - as of that time - - eight other circuit courts had adopted the *Pacor* test with little or no variation.
>
> [n.6 Moreover, if a final judgment has been entered in state court foreclosure proceedings, the *Rooker-Feldman* doctrine prevents this Court from determining that a state court judgment was erroneously entered or taking action to render a state court judgment ineffectual. *See Edwards v. New Century Mortgage Corp. (In re New Century TRS Holdings, Inc.)*, 423 B.R. 467, 472 (Bankr.D.Del. 2010) citing *Madera v. Ameriquest Mortg. Co. (In re Madera)*, 586 F.3d 228, 232 (3d Cir. 2009). ]

*Carr/New Century II,* 2011 WL 6097910, *3.

CONCLUSION

The Plaintiff asserts the same meritless arguments in her Second Reconsideration Motion that she raised in her initial challenge to the Settlement Agreement and in her First Reconsideration Motion. The Plaintiff has failed to meet her burdens under Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 60(b). No further discussion or consideration by this Court of these issues raised by the Plaintiff is warranted.

For the foregoing reasons, it is **ORDERED** that the Plaintiff's Second Reconsideration Motion is **DENIED.**

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: January 9, 2012