FILED

2012 FEB -3  AM 10: 54

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE NEW CENTURY TRS HOLDINGS, INC., A Delaware Corporation, et al., Debtor, | ) CHAPTER 11<br>) CASE NO.  07-10416 KJC<br>)<br>) Jointly Administered |
| ANITA B. CARR, <br><br>Plaintiff,<br><br>v.<br><br>NEW CENTURY TRS HOLDINGS, INC., and NEW CENTURY LIQUIDATING TRUST et al.,<br><br>Defendants | )<br>) ADVERSARY CASE NO.  09-52251 KJC<br>)<br>)<br>) PLAINTIFF'S NOTICE OF MOTION AND<br>) MOTION FOR SANCTIONS<br>)<br>) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLAINTIFF, ANITA B. CARR, in Pro Per, (hereinafter "Carr") hereby requests this Court take notice of the Notice of Motion and Motion for Sanctions.   No final judgment order has been entered in this matter; therefore this Motion for Sanctions is reasonable and timely.

This Motion for Sanctions is brought under 28 U.S.C.§ 1927 and the Inherent Power of the Court to sanction any abuse of the judicial process.

In *Schaeffer Salt Recovery* 542 F. 3d 90 - Court of Appeals, 3rd Circuit, 2008, the appeal court opined "We find that although a bankruptcy court is not a "court of the United States" within the meaning of § 451, it is a unit of the district court, which is a "court of the United States," and thus the bankruptcy court comes within the scope of § 451."

Perhaps the most comprehensive examination of the jurisdictional scheme

created in response to *Northern Pipeline* by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"), Pub.L. No. 98-353, 98 Stat. 333 (1984), is found in the bankruptcy court's opinion in *In re Volpert*.   The court concluded, following an exhaustive analysis, that the answer to whether a bankruptcy court can entertain a motion under § 1927 does not turn on whether it is a "court of the United States"; rather, it turns on whether § 1927 should be construed to prevent a referral that is "clearly" within the scope of § 157 and the "very broad referral order" of the district court.   *In re Volpert,* 177 B.R. at 89-90.   The court determined that § 1927 should not be so construed.   Because, therefore, a district court, as a court of the United States, may impose sanctions under § 1927, it may also refer a motion which requests the imposition of such sanctions to a bankruptcy court.   Id. at 90.

Inherent-power sanctions are also capable of a narrow focus, as the inquiry is whether a person has abused the judicial process by acting "in bad faith, vexatiously, wantonly, or for oppressive reasons."

Plaintiff Carr motions the court to impose sanctions on the attorneys, the New Century Liquidating Trustee and the debtor in this matter for filing and recording a false & fraudulent Assignment related to the Carr property after New Century Mortgage and Home123 Corporation declared bankruptcy on 4-2-2007.   The Assignment attached hereto as Exhibit 'A' has prior been entered as a certified document in this matter, including Judicial Notice [AdProc DI 83] as Exhibit 'B'.   The false and fraudulent assignment was executed on May 22, 2007 and recorded at the Alameda County Recorder's office on June 15, 2007 with a document id of 2007224804.   Alameda County is in California. The Assignment clearly shows that Home123 Corporation is the requestor of the recordation by the information typed in the far upper left of the document as proscribed by California recordation laws as is where, after recordation, the document is to be returned to:  Home123 Corporation at 3351 Michelson Drive, Ste

400 in Irvine CA 92612.  Again, that section of the recorded document is proscribed by California recordation laws.

Additionally, the NCLT attorneys have repeatedly denied that there was no value received (no money) from U.S. Bank N.A. which clearly contradicts what the Assignment states which was signed by Stephen L. Nagy, V.P. Records of Home123 Corporation, which is a subsidiary of New Century Mortgage Corporation.  The Assignment states in the very first line 'FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to U.S. Bank N.A.' This begs a commons sense question of why would Home123 Corporation NOT receive any value when the alleged loan, supposedly secured by this Assignment of Deed of Trust, was $782,000?

Further impeaching themselves over the course of this entire matter, is the Hahn & Hessen counsel team, and in particular Mr. Indelicato, who state in hearing after hearing and in pleading after pleading, that the Carr loan was sold to JPMorgan Chase, hereinafter 'Chase' or 'JPMAC', in February of 2006.  If that was true, and there never has been any evidence entered in this matter to prove that, then WHY is a Home123 executive named Stephen L. Nagy executing an Assignment on May 22, 2007?  A BIG RED FLAG should go up as the Assignment does not go from Home123 Corporation to Chase or JPMAC——it goes directly to U.S. Bank N.A.   Plaintiff Carr points out repeatedly and again that she never has had any business dealings with U.S. Bank N.A.

Plaintiff Carr reiterates her request for sanctions and points the court to Exhibit 'A' of [AdProc D.I. 83] which is the Affidavit of Andres Rojas, the notary employee who performed an invalid and illegal notarization on the same Assignment, all contrary to California notary laws.   These acts have all been done since the declaration of bankruptcy on 4-2-2007.  The Assignment is void, no good, invalid and illegal.

Plaintiff Carr also points out the fact that the alleged REMIC securities trust into which the Carr loan was allegedly scheduled to go into had a Pooling and Servicing

Agreement, hereinafter 'PSA" closing date in April of 2006. The Carr loan would have had to be assigned (both the note and deed) within 3 months of that date and the loan could not be in default when assigned. This is again inconsistent with the Assignment execution date of May 22, 2007 to U.S. Bank, N.A.

Plaintiff Carr requests the court to consider all pleadings and docket entries in this entire matter, including any and all transcripts from Omnibus hearings, evidentiary hearings or other hearings and any paper or filing unknown to Plaintiff Carr.

The attorneys, the debtor and the New Century Liquidating Trust, hereinafter 'NCLT', and Alan Jacobs, the appointed liquidating trustee in this matter have acted in bad faith, vexatiously, wantonly and for oppressive reasons against Plaintiff Carr.

The Liquidating Trustee, by his own testimony at the evidentiary hearing for Helen Galope in December of 2011, admits to paying Hahn & Hessen between 100K - 300K per month for legal services. At my evidentiary hearing 7 attorneys plus Alan Jacobs were present in the court and one pro per, me. Imagine those billable hours. The same is true for several other pro per homeowner/borrowers and their evidentiary hearings.

With the billable hours being racked up and the gorging on the remaining millions in cash available in the NCLT, these opposing counsels, the debtor's counsels and the NCLT trustee has incentive to act in bad faith, vexatiously, wantonly and for oppressive reasons against a disabled pro se.

At an average of $200,000 per month a 12 month total for Hahn & Hessen is $24,000,000. The pro pers, who have been victimized by one of the most notorious subprime predatory lenders in the world, are at a stage where they cannot even afford any counsels.

So yes, the attorneys and the NCLT trustee can perpetrate their gorging on the millions in available cash by being vexatious, acting in bad faith, being wanton and

being oppressive.

Additionally, this court refuses to address the jurisdiction issue regarding the fraudulent inducement of settlement in this matter and the June 2011 Supreme Court decision in *Stern v Marshall* 131 S. Ct. 2594, 564 US, 180 L. Ed. 2d 475 - Supreme Court, 2011.  Carr believes this court does not have jurisdiction over the fraudulent inducement of settlement.

## PRESIDENT OBAMA'S STATE OF THE UNION ADDRESS

In his State of the Union address on Tuesday night, January 24, 2012, Obama announced the formation of the Financial Crimes Unit. This will be a "special unit of federal prosecutors and leading state attorneys general to expand our investigations into the abusive lending and packaging of risky mortgages that led to the housing crisis," he said. "This new unit will hold accountable those who broke the law, speed assistance to homeowners and help turn the page on an era of recklessness that hurt so many Americans."

## NEW UNIT ON MORTGAGE ORIGINATION AND SECURITIZATION ABUSES

New York State Attorney General **Eric Schneiderman** has been selected by President **Barack Obama** to co-chair a special unit of investigators that will crack down on the misconduct that contributed to the housing bubble and market crash. The announcement, first reported by the *Huffington Post*, will be part of the White House's new office on Mortgage Origination and Securitization Abuses, as outlined by Obama during his "State of the Union" address on Tuesday evening.

For some consumer advocates, the new unit sounds promising. "I think it is a good sign that the administration has made this commitment to pursuing origination fraud," said Diane Thompson, counsel for the National Consumer Law Center, one of the nation's premiers consumer organizations. "There has been a dearth of accountability for the fraud that landed us in the global economic catastrophe we are

NOTICE OF MOTION AND MOTION FOR SANCTIONS

living through."

## CONCLUSION

Plaintiff Carr prays for sanctions against the attorneys, the New Century Liquidating Trust and Trustee and the New Century TRS Holdings Inc., et al. for bad faith conduct, abusive conduct, vexatious litigation, oppressiveness, and for further perpetrating fraud.

DATED:  January 30, 2012          Respectfully Submitted,

                                   Anita B. Carr, pro per

## VERIFICATION

I, ANITA B. CARR, am the plaintiff in the above entitled proceeding.  I have drafted and read the Notice of Motion and Motion for Sanctions above, in the above-entitled action and know the contents thereof.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.  Executed on this 30th day of January, 2012 at Dublin, CA.

                                   Anita B. Carr