## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC**,: | | |
| *et al.*[1] | : | Case No. 07-10416 (KJC) |
| Debtors | : | |

| | | |
|---|---|---|
| | : | |
| **ANITA B. CARR,** | : | Adv. Pro. No. 09-52251 (KJC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **NEW CENTURY TRS HOLDINGS, INC**,: | | |
| *et al.* | : | Re: docket no. 111, 112, 114, 115, 130 |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER
## <u>DISMISSING POST-APPEAL FILINGS</u>

On December 15, 2011, Anita B. Carr ("Carr") filed a notice of appeal of this Court's

Memorandum and Order dated December 7, 2011 denying Carr's motion for reconsideration.

On January 17, 2012, Carr filed an Amended Notice of Appeal regarding this Court's

Memorandum and Order dated January 9, 2012 denying Carr's second motion for

reconsideration. Carr also filed the following documents on January 17, 2012:

(i)     Notice to Court and Objection to Jurisdiction and Request for Final Judgment
        Order (docket no. 111) (the "Objection to Jurisdiction"),

(ii)    Plaintiff's Request for Clarification (docket no. 112) (the "Request for
        Clarification"),

---

[1]The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52).  New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007.  The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

      (iii)     Plaintiff's Request for Judicial Notice of Attorney Letter to California AG Kamala Harris Re: Steve Nagy, Former Employee of New Century and Home123 Corporation (docket no. 114) (the "First Request for Judicial Notice"), and

      (iv)     Plaintiff's Request for Judicial Notice of the State of California 2007 Notary Handbook (docket no. 115) (the "Second Request for Judicial Notice")

(together, the "January 17th Filings"). On January 31, 2012, the Liquidating Trustee to the New Century Liquidating Trust filed an omnibus objection to the January 17th Filings (docket no. 121).[2] Carr filed a response to the Trustee's omnibus objection on February 6, 2012 (docket no. 123).

On February 28, 2012, Carr filed the Motion to Invoke the Application of the New Rule 2019 of the Federal Rule on Bankruptcy Procedures by Plaintiff Carr (docket no. 130) (the "2019 Motion") (the 2019 Motion and the January 17th Filings are referred to herein as the "Post-Appeal Filings").

For the reasons stated herein, the Post-Appeal Filings will be dismissed.

<u>Background</u>

On October 5, 2009, Anita B. Carr ("Carr") commenced this adversary proceeding by filing a complaint against the Debtors asserting claims for (i) fraudulent conveyance, (ii) violation of chapter 11 of the Bankruptcy Code, (iii) fraudulent misrepresentation and negligence, (iv) violation of the Truth-in-Lending Act, 15 U.S.C. §1601 *et seq.*, (v) violation of the Business and Professions Code Section 17200 *et seq.*, (vi) violation of RESPA 12 U.S.C.

---

[2]On November 20, 2009, the Court entered an Order confirming the Modified Second Amended Joint Chapter 11 Plan of Liquidation (the "Modified Plan") for the Debtors.  The Modified Plan adopted, ratified and confirmed the New Century Liquidating Trust Agreement, dated as of August 1, 2008, which created the New Century Liquidating Trust (the "Trust") and appointed Alan M. Jacobs as Liquidating Trustee of New Century Liquidating Trust and Plan Administrator of New Century Warehouse Corporation (the "Trustee").

2605, and (vii) quiet title to real property against all defendants (collectively, the "Causes of Action").  The Causes of Action arise out of a loan transaction between Carr and Debtor Home123 Corporation entered into on or about January 25, 2006.

Carr also filed an unliquidated unsecured claim against the Debtors on August 24, 2009 (the "Proof of Claim"), and a motion to consider her claim timely filed.  (New Century Docket No. 9975).  On January 20, 2010, with the consent of the Trustee, the Court entered an order granting the motion to consider Carr's proof of claim as timely filed.  (New Century Docket No. 10017).

On October 5, 2010, the Trustee and Carr entered into a Settlement Agreement to resolve this adversary proceeding.  Under the Settlement Agreement, the Trustee agreed to pay a Settlement Sum of $60,000 "in full and final satisfaction of the Causes of Action and any other claim(s) that [Plaintiff] may have against the Debtors or the Trust."  Carr acknowledged that the Settlement Sum was paid to her. On November 2, 2010, Carr filed a notice of dismissal for this adversary proceeding.

Put simply, Carr tried to renege on her settlement with the Trustee, and, on December 13, 2010, Carr filed a Request to Stay Dismissal (docket no. 53), arguing that dismissal of the adversary proceeding should be stayed because she obtained new evidence demonstrating that the Trustee made false representations to induce her to enter into the Settlement Agreement.  On March 10, 2011, Carr filed a Request for a Show Cause Order (docket no. 65) asking the Court to require the Trustee to show cause why the Court should not issue an order staying all proceedings based on documents notarized by certain individuals employed by the Debtors and, further, ordering the Trustee to produce "notarial journals."  The Trustee filed objections to both

3

the Request to Stay Dismissal and the Request for a Show Cause Order.  After an evidentiary

hearing on April 20, 2011, the Court issued a Memorandum and Order dated May 10, 2011 (the

"May 10, 2011 Decision") (docket nos. 75 and 76) denying Carr's Request to Stay Dismissal and

the Request for a Show Cause Order.

On May 18, 2011, Carr filed a motion for reconsideration of the May 10, 2011 Decision

(docket no. 79) (the "First Reconsideration Motion"), which was denied by a Memorandum and

Order dated December 7, 2011 (docket nos. 93 and 94) (the "December 7, 2011 Decision").

On December 14, 2011, Carr filed the "Objection and Motion to Vacate, Alter or Amend

Memorandum on Reconsideration and Order on Reconsideration and Request for Judicial

Notice" (docket no. 96) (the "Second Reconsideration Motion").  On December 15, 2011, Carr

filed a Notice of Appeal regarding the December 7, 2011 Decision (docket no. 99) which,

pursuant to Fed.R.Bankr.P. 8002(b), was not effective until entry of an order disposing of Carr's

Second Reconsideration Motion.

The Second Reconsideration Motion was denied by Memorandum and Order dated

January 9, 2012 (docket no. 107).  On January 17, 2012, Carr filed an Amended Notice of

Appeal (docket no. 113).  Carr and the Trustee filed their respective designation of items for

inclusion in the record on appeal (docket nos. 128, 131, and 136), and the record was transmitted

to the District Court on or about March 8, 2012 (docket no. 137).  The District Court's Notice of

Docketing related to Carr's Notice of Appeal was docketed in this adversary proceeding on

March 9, 2012.

Discussion

"It is well established that the filing of a notice of appeal is an event of jurisdictional significance in which a lower court loses jurisdiction over the subject matter involved in the appeal." *In re Whispering Pines Estates, Inc.*, 369 B.R. 752, 757 (1st Cir. BAP 2007). *See also In re Washington Mutual, Inc.,* 461 B.R. 200, 217-18 (Bankr.D.Del. 2011) (recognizing that the "Divestiture Rule" provides that an appeal divests the lower court of any further jurisdiction over the subject of the appeal). The purpose of the Divestiture Rule is "to avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process." *Whispering Pines*, 369 B.R. at 757.

In the bankruptcy context, however, the appeal of one ruling does not stay the entire bankruptcy case. *WaMu*, 461 B.R. at 218. As explained by one Court:

> As courts have noted, however, a bankruptcy case typically raises a myriad of issues, many totally unrelated and unconnected with the issues involved in any given appeal. The application of a broad rule that a bankruptcy court may not consider any request filed while an appeal is pending has the potential to severely hamper a bankruptcy court's ability to administer its cases in a timely manner.

*Whispering Pines*, 369 B.R. at 758. Bankruptcy Rule 8005 provides that during an appeal "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed.R.Bankr.P. 8005.

The January 17th Filings are filed in the same adversary proceeding and are directly related to the issues on appeal. The issues raised in the Objection to Jurisdiction, in which Carr challenges this Court's jurisdiction to determine issues related to settlement of the adversary proceeding, are an integral part of the whole appeal. Further, Carr's requests for judicial notice

5

and for clarification regarding the source of settlement funds are related to the issues that Carr raised previously and that are the subject of the decisions being appealed.  Accordingly, the Divestiture Rule applies to the January 17th Filings and this Court lacks jurisdiction to grant relief requested therein.

Moreover, this Court's prior rulings with respect to Carr, at their center, determined that Carr's claims against the estate are settled and released; therefore, none remain.  There is no valid reason to expend further estate or judicial resources on consideration of the 2019 Motion while the appeal is pending.[3]

Conclusion

For the reasons set forth herein, it is hereby **ORDERED** that (i) the January 17th Filings (i.e., docket numbers 111, 112, 114, and 115) are **DISMISSED** for lack of jurisdiction, and (ii) the 2019 Motion is **DISMISSED** without prejudice.

BY THE COURT:

_____

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated:  May 16, 2012
cc: Alan M. Root, Esquire[4]

---

[3]Even if I considered Carr's 2019 Motion, it would be denied for the same reasons that a similar motion was denied at a hearing on April 25, 2012 (*see* Order dated May 8, 2012, docket no. 10882), at which time I determined that Fed.R.Bankr.P. 2019 is not applicable to the Liquidating Trustee or the Plan Advisory Committee established by the Modified Plan.

[4]Counsel shall serve a copy of this Order and Memorandum upon all interested parties, including the District Court Judge to whom Carr's appeal is assigned, and file a Certificate of Service with the Court.