UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : CHAPTER 11 |
| | : (Jointly Administered) |
| NEW CENTURY TRS HOLDINGS, INC,: | |
| et al.[1] | : Case No. 07-10416 (KJC) |
| Debtors | : |
| | |
| ANITA B. CARR, | : |
| Plaintiff, | : Adv. Pro. No. 09-52251 (KJC) |
| | : |
| v. | : |
| | : |
| NEW CENTURY TRS HOLDINGS, INC,: | |
| et al. | : Re: docket no. 122 |
| | : |
| Defendants | : |

## MEMORANDUM AND ORDER
## DISMISSING POST-APPEAL MOTION FOR SANCTIONS

On December 15, 2011, Anita B. Carr ("Carr") filed a notice of appeal (docket no. 99) of this Court's Memorandum and Order dated December 7, 2011 denying Carr's motion for reconsideration (docket nos. 93, 94). On January 17, 2012, Carr filed an Amended Notice of Appeal (docket no. 113) regarding this Court's Memorandum and Order dated January 9, 2012 denying Carr's second motion for reconsideration (docket no. 107).

On February 3, 2012, Carr filed a Motion for Sanctions (docket no. 122). The Liquidating Trustee of the New Century Liquidating Trust filed an objection to the Motion for

---

[1] The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52). New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007. The jointly administered debtors and New Century Warehouse Corporation are referred to jointly herein as the "Debtors."

Sanctions.[2]

For the reasons stated herein, the Motion for Sanctions will be dismissed.

Background

On October 5, 2009, Anita B. Carr ("Carr") commenced this adversary proceeding by filing a complaint against the Debtors asserting claims for (i) fraudulent conveyance, (ii) violation of chapter 11 of the Bankruptcy Code, (iii) fraudulent misrepresentation and negligence, (iv) violation of the Truth-in-Lending Act, 15 U.S.C. §1601 *et seq.*, (v) violation of the Business and Professions Code Section 17200 *et seq.*, (vi) violation of RESPA 12 U.S.C. 2605, and (vii) quiet title to real property against all defendants (collectively, the "Causes of Action"). The Causes of Action arise out of a loan transaction between Carr and Debtor Home123 Corporation entered into on or about January 25, 2006.

Carr also filed an unliquidated unsecured claim against the Debtors on August 24, 2009 (the "Proof of Claim"), and a motion to consider her claim timely filed. (New Century Docket No. 9975). On January 20, 2010, with the consent of the Trustee, the Court entered an order granting the motion to consider Carr's proof of claim as timely filed. (New Century Docket No. 10017).

On October 5, 2010, the Trustee and Carr entered into a Settlement Agreement to resolve this adversary proceeding. Under the Settlement Agreement, the Trustee agreed to pay a

---

[2]On November 20, 2009, the Court entered an Order confirming the Modified Second Amended Joint Chapter 11 Plan of Liquidation (the "Modified Plan") for the Debtors. The Modified Plan adopted, ratified and confirmed the New Century Liquidating Trust Agreement, dated as of August 1, 2008, which created the New Century Liquidating Trust (the "Trust") and appointed Alan M. Jacobs as Liquidating Trustee of New Century Liquidating Trust and Plan Administrator of New Century Warehouse Corporation (the "Trustee").

Settlement Sum of $60,000 "in full and final satisfaction of the Causes of Action and any other claim(s) that [Plaintiff] may have against the Debtors or the Trust." Carr acknowledged that the Settlement Sum was paid to her. On November 2, 2010, Carr filed a notice of dismissal for this adversary proceeding.

Put simply, Carr tried to renege on her settlement with the Trustee, and, on December 13, 2010, Carr filed a Request to Stay Dismissal (docket no. 53), arguing that dismissal of the adversary proceeding should be stayed because she obtained new evidence demonstrating that the Trustee made false representations to induce her to enter into the Settlement Agreement. On March 10, 2011, Carr filed a Request for a Show Cause Order (docket no. 65) asking the Court to require the Trustee to show cause why the Court should not issue an order staying all proceedings based on documents notarized by certain individuals employed by the Debtors and, further, ordering the Trustee to produce "notarial journals." The Trustee filed objections to both the Request to Stay Dismissal and the Request for a Show Cause Order. After an evidentiary hearing on April 20, 2011, the Court issued a Memorandum and Order dated May 10, 2011 (the "May 10, 2011 Decision") (docket nos. 75 and 76) denying Carr's Request to Stay Dismissal and the Request for a Show Cause Order.

On May 18, 2011, Carr filed a motion for reconsideration of the May 10, 2011 Decision (docket no. 79) (the "First Reconsideration Motion"), which was denied by a Memorandum and Order dated December 7, 2011 (docket nos. 93 and 94) (the "December 7, 2011 Decision").

On December 14, 2011, Carr filed the "Objection and Motion to Vacate, Alter or Amend Memorandum on Reconsideration and Order on Reconsideration and Request for Judicial Notice" (docket no. 96) (the "Second Reconsideration Motion"). On December 15, 2011, Carr

3

filed a Notice of Appeal regarding the December 7, 2011 Decision (docket no. 99) which, pursuant to Fed.R.Bankr.P. 8002(b), was not effective until entry of an order disposing of Carr's Second Reconsideration Motion.

The Second Reconsideration Motion was denied by Memorandum and Order dated January 9, 2012 (docket no. 107). On January 17, 2012, Carr filed an Amended Notice of Appeal (docket no. 113). Carr and the Trustee filed their respective designation of items for inclusion in the record on appeal (docket nos. 128, 131, and 136), and the record was transmitted to the District Court on or about March 8, 2012 (docket no. 137). The District Court's Notice of Docketing related to Carr's Notice of Appeal was docketed in this adversary proceeding on March 9, 2012.

Discussion

"It is well established that the filing of a notice of appeal is an event of jurisdictional significance in which a lower court loses jurisdiction over the subject matter involved in the appeal." *In re Whispering Pines Estates, Inc.*, 369 B.R. 752, 757 (1st Cir. BAP 2007). *See also In re Washington Mutual, Inc.*, 461 B.R. 200, 217-18 (Bankr.D.Del. 2011) (recognizing that the "Divestiture Rule" provides that an appeal divests the lower court of any further jurisdiction over the subject of the appeal). The purpose of the Divestiture Rule is "to avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process." *Whispering Pines*, 369 B.R. at 757.

In the bankruptcy context, however, the appeal of one ruling does not stay the entire bankruptcy case. *WaMu*, 461 B.R. at 218. As explained by one Court:

As courts have noted, however, a bankruptcy case typically raises a myriad of

4

issues, many totally unrelated and unconnected with the issues involved in any given appeal. The application of a broad rule that a bankruptcy court may not consider any request filed while an appeal is pending has the potential to severely hamper a bankruptcy court's ability to administer its cases in a timely manner.

*Whispering Pines*, 369 B.R. at 758. Bankruptcy Rule 8005 provides that during an appeal "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed.R.Bankr.P. 8005.

The Motion for Sanctions is filed in the adversary proceeding and the issues raised therein, and in the Trustee's objection thereto, (including issues related to the validity of the documentation for Carr's loan transaction and the extent of the release granted by Carr in the Settlement Agreement), are directly related to the issues on appeal. Accordingly, the Divestiture Rule applies to the Motion for Sanctions and this Court lacks jurisdiction to grant relief requested therein.

Conclusion

For the reasons set forth herein, it is hereby **ORDERED** that the Motion for Sanctions (docket no. 122) is **DISMISSED** for lack of jurisdiction.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: June 7, 2012
cc: Alan M. Root, Esquire[3]

---

[3] Counsel shall serve a copy of this Order and Memorandum upon all interested parties and file a Certificate of Service with the Court.